**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

INDIANA BUREAU OF MOTOR VEHICLES,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Appellant,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　vs.　　　　　　　　　　　　　)　　No.　49A02-1203-MI-237
　　　　　　　　　　　　　　　　　　　　)
KATHERINE LINTON-WALTMAN,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Appellee.　　　　　　　　　　　　)

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis F. Rosenberg, Judge
Cause No.　49C01-1111-MI-44462

**August 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

The Indiana Bureau of Motor Vehicles ("BMV") appeals the trial court's order denying BMV's "Intervenor's Motion For Relief From Judgment" in an action involving the grant to Katherine Linton-Waltman ("Linton-Waltman") of a restricted driver's license because of hardship ("a hardship license").[1]

We affirm.

## ISSUE

Whether the trial court's order can be reviewed under the public interest exception to the mootness doctrine.

## FACTS

On September 26, 2011, the BMV suspended Linton-Waltman's driving privileges until December 28, 2011 for a chemical test failure. Previously, on July 13, 2006, the BMV had suspended Linton-Waltman's driving privileges for failure to appear at a hearing pertaining to a seat belt violation. This suspension ended on September 25, 2006.

On December 16, 2011, Linton-Waltman filed a verified petition for issuance of a hardship license for commercial and business purposes. On the same day, the trial court granted the petition, ordering the BMV to "issue a [hardship license] to [Linton-Waltman] . . . immediately upon receipt of this order." (Tr. 15). The trial court also ordered that Linton-Waltman's "driving be limited to commercial or business purposes or

---

[1] We note that no Appellee's brief was filed.

2

other employment-related driving, to court as required by court order, and for any rehabilitation programs." *Id*.

On February 21, 2012, approximately two months after Linton-Waltman's suspension had ended, BMV filed a motion to intervene and an attached "Motion For Relief From Judgment." (App. 6-19). On February 24, 2012, the trial court issued an order granting BMV's motion to intervene. On the same day, the trial court issued its "Order on Intervenor's Motion For Relief From Judgment" denying BMV's motion for relief from judgment.

<u>DECISION</u>

In general, Indiana Code section 9-24-15-1 et seq. permits the issuance of a hardship license when a hardship occurs after a driver's license has been suspended. Indiana Code section 9-24-15-1(a)(3), however, states that a person whose license has been suspended cannot obtain a hardship license if the person has a prior suspension.

In its order denying BMV's motion for relief from judgment, the trial court noted that even though Indiana Code section 9-24-15-1(a)(3) states that a hardship license cannot be issued to a person who has a prior suspension, Indiana Code section 9-24-15-3 states in part that a person's petition for a hardship license must include information that the petitioner has never been "suspended for a similar reason." The court also noted that this information requirement has been incorporated into Indiana Code section 9-24-15-6.5, which states that the trial court "shall grant a petition for a [hardship license] filed

3

under [Chapter 15]" if, among other things, "[t]he person filing the petition for a [hardship license] shall include in the petition the information . . . required by sections 3 and 4 of this chapter." The trial court further noted that "the only prior suspension of Petitioner's license was in 2006 for 'failure to appear' in Hendricks County, clearly not a suspension 'for a similar reason' under I.C. 9-24-15-3." (App. 24). The court then reasoned that Indiana Code section 9-24-15-6.5, which incorporates Indiana Code section 9-24-15-3, is a more detailed section than Indiana Code section 9-24-15-1, and that the detailed section mandating the grant of the hardship license applied because it could not be reconciled with the more general section prohibiting the same.

BMV contends that the trial court misinterpreted the interplay among Indiana Code sections 1, 3, and 6.5 in its order granting Linton-Waltman's petition for a hardship license and in its order denying BMV's motion for relief from judgment. BMV recognizes that Linton-Waltman's suspension has already expired; therefore, the question is moot as to this particular controversy. BMV argues, however, that the public interest exception applies "because the issue is likely to recur, given the frequency of driver's license suspensions, and because granting a [hardship] license to a driver who has violated the law involves public safety concerns." BMV Br. at 4 n.1 (citing *Silverman v. Fifer*, 837 N.E.2d 186, 187 (Ind. Ct. App. 2005) (holding that licensing issues, though moot, should be addressed because the issue is "liable to recur and involves issues related

4

to public safety"). "In such cases, we may, at our discretion, make an exception to the mootness doctrine and address the merits of the case." *Id.*

Our research discloses that Indiana Code section 9-24-15-3 has been amended, and now reads in part that a person's petition for a hardship license must include information that the petitioner has never been "previously suspended." This version of the statute became effective on July 1, 2012. *See* P.L. 125-2012 § 217. While the issue raised is related to public safety, the specific issue is not liable to recur because the change in the statute's language is significant. We will not address the merits of the moot issue of this case.[2]

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.

---

[2] BMV also alleges that its motion for relief from judgment was erroneously denied on a second basis pursuant to Indiana Code section 9-24-15-6.5. Our reading of the trial court's order does not support BMV's allegation.